UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KELLY PRUSAK,

<em>Plaintiff</em>,

vs.                                    **<u>COMPLAINT</u>**

DOLGEN NEW YORK, LLC D/B/A
DOLLAR GENERAL,

<em>Defendant</em>.

Plaintiff Kelly Prusak ("Plaintiff" or "Prusak") swears that the following is true to the best of her knowledge, under penalty of perjury:

PARTIES

1. The Plaintiff, Kelly Prusak, is a natural person with a place of residence at 42 Cadman Drive, Williamsville, New York 14221.

2. Upon information and belief, Dollar General  ("Defendant"), is a corporate entity with offices located at 100 Mission Ridge, Goodlettsville, TN 37072.

3. At all relevant times, Plaintiff was employed at Defendant's store number 08362 in Amherst, New York.

JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and as conferred by 42 U.S.C. §1983.

5. Defendants are subject to the jurisdiction of this Court and venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) as the acts and omissions giving rise to the claims in this complaint occurred within the Western District of New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff has exhausted administrative remedies prerequisite to bringing this claim as follows:

7. On June 15, 2020, Plaintiff filed a charge of discrimination with the NYSDHR. The NYSDHR assigned a federal charge number 16GC003276.

8. Subsequently, the EEOC mailed Plaintiff a 'Right to Sue' letter proving that she has exhausted her administrative remedies under Title VII.

## FACTUAL BACKGROUND

9. Ms. Prusak was a cashier for Defendant.

10. Ms. Prusak is over the age of 40.  Her DOB is 7/13/65.

11. Ms. Prusak is female.

12. Ms. Prusak has a disability.

13. Ms. Prusak needs a reasonable accommodation for her disability – that she does not work more than 20 hours per week.

14. Ms. Prusak communicated this to Respondent at hire.

15. Ms. Prusak complained to Defendant's HR department about ongoing discrimination at her place of employment.

16. Defendant terminated Ms. Prusak.

17. Defendant terminated Ms. Prusak because of her sex and/or

18. Defendant terminated Ms. Prusak because of her age and/or

19. Defendant terminated Ms. Prusak because of her disability and/or

20. Defendant terminated Ms. Prusak because of her complaint of discrimination.

21. Defendant also placed Ms. Prusak on a no-hire list barring her form future employment with Defendant.

22. Defendant placed Ms. Prusak on the no-hire list because of her complaint of discrimination.

***

## FIRST CAUSE OF ACTION
### Violation of Title VII and the NYSHRL on the basis of Sex

23. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

24. The *prima facie* elements of discrimination claims under Title VII are "not onerous."[1]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent.[2]  Circumstantial evidence is by far the most common.[3] A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[4]

**Element 1) Protected Classes**

25. Ms. Prusak is female.

26. Ms. Prusak is of homosexual orientation.

---

[1] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[2] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985).
[3] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]
[4] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

3

**Element 2) Adverse Actions**

27. Defendant terminated Ms. Prusak' employment.

28. Defendant placed M.s Prusak on a no-hire list.

**Element 3 (a) Plaintiff was Qualified for the Job Held**

29. Ms. Prusak was qualified for the job based on decades of experience in sales and management.

**Element 3 (b) Work was Still Being Performed**

30. Ms. Prusak's duties are still being performed.

31. The store remains open.

32. As a result of Defendants' actions, Ms. Prusak experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**Extra Evidence of Discriminatory Bias**

33. Amanda Kuhn threatened to fire Ms. Prusak for alleged discrepancies in her cash drawer.

34. Upon information and belief, all other employees are of heterosexual orientation.

35. Upon information and belief, no other employees were threatened with termination for similar or worse alleged errors.

**SECOND CAUSE OF ACTION**
**Violation of the ADEA and NYSHRL on the basis of age**

36. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

37. The *prima facie* elements of discrimination claims under the ADEA are "not onerous."[5]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of

---

[5] <u>Texas Dept. of Community Affairs v Burdine</u>, 450 US 248, 253 [1981]

discriminatory intent. [6] Circumstantial evidence is by far the most common.[7] A plaintiff

making out a *prima facie* case of discrimination with circumstantial evidence must 1)

identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was

qualified for the job and b) that the work still being performed.[8]

**Element 1) Protected Class**

38. Ms. Prusak is over the age of 40.  Her DOB is 7/13/65

**Element 2) Adverse Actions**

39. Defendant terminated Ms. Prusak' employment.

40. Defendant placed M.s Prusak on a no-hire list.

**Element 3 (a) Plaintiff was Qualified for the Job Held**

41. Ms. Prusak was qualified for the job based on decades of experience in sales and

management.

**Element 3 (b) Work was Still Being Performed**

42. Ms. Prusak's duties are still being performed.

43. The store remains open.

**Extra Evidence of Discriminatory Bias**

44. Ms. Prusak is in her 50's while all other employees were in their 20's or 30's.

45. Amanda Kuhn threatened to fire Ms. Prusak for alleged discrepancies in her cash drawer.

46. Upon information and belief, all other employees are younger.

---

[6] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).

[7] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]

[8] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS,* 135 S.Ct. 1338 (2015).

47. Upon information and belief, no other employees were threatened with termination for similar or worse alleged errors.

48. As a result of Defendants' actions, Ms. Prusak experienced loss of income, fear, anxiety, severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings, and loss of enjoyment of life.

**THIRD CAUSE OF ACTION**
**Violation of the ADA and NYSHRL on the basis of Disability**

49. Plaintiff repeats each and every allegation set forth herein in preceding paragraphs as though fully set forth herein.

50. The *prima facie* elements of discrimination claims under the ADA are "not onerous."[9]  A plaintiff may make out a *prima facie* case with either circumstantial or direct evidence of discriminatory intent. [10] Circumstantial evidence is by far the most common.[11]  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[12]

**Element 1) Protected Class**

51. Ms. Prusak is over the age of 40.  Her DOB is 7/13/65

**Element 2) Adverse Actions**

52. Defendant terminated Ms. Prusak' employment.

53. Defendant placed M.s Prusak on a no-hire list.

---

[9] Texas Dept. of Community Affairs v Burdine, 450 US 248, 253 [1981]
[10] Swierkiewicz v. Sorema N. A., 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 121 (1985).

[11] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]
[12] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

**Element 3 (a) Plaintiff was Qualified for the Job Held**

54. Ms. Prusak was qualified for the job based on decades of experience in sales and
management.

**Element 3 (b) Work was Still Being Performed**

55. Ms. Prusak's duties are still being performed.

56. The store remains open.

**Extra Evidence of Discriminatory Bias**

57. Multiple times Amanda Kuhn complained about Ms. Prusak not being able to work more
than 20 hours per week.

58. Amanda Kuhn threatened to fire Ms. Prusak for alleged discrepancies in her cash drawer.

59. Upon information and belief, all other employees have no disabilities.

60. Upon information and belief, no other employees were threatened with termination for
similar or worse alleged errors.

61. As a result of Defendants' actions, Ms. Prusak experienced loss of income, fear, anxiety,
severe humiliation, shame, embarrassment, emotional pain and suffering, loss of savings,
and loss of enjoyment of life.

**FOURTH CAUSE OF ACTION**
**Retaliation in Violation of TITLE VII, the ADEA, the ADA and NYSHRL**

62. The *prima facie* elements of Retaliation claims claims under Title VII and the NYSHRL
are "not onerous."[13]  A plaintiff may make out a *prima facie* case with either
circumstantial or direct evidence of discriminatory intent. [14] Circumstantial evidence is by

[13] <u>Texas Dept. of Community Affairs v Burdine</u>, 450 US 248, 253 [1981]
[14] <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 511-12, 122 S. Ct. 992, 997, 152 L. Ed. 2d 1 (2002), *citing Trans World Airlines, Inc. v. Thurston*, 469 U.S. 111, 121 (1985).

far the most common.[15]  A plaintiff making out a *prima facie* case of discrimination with circumstantial evidence must 1) identify a protected class, 2) identify an adverse action, 3) show that a) Complainant was qualified for the job and b) that the work still being performed.[16]

**Element 1 Protected Activity**

63. On or about 24 December of 2018 Ms. Prusak called the human resources department to complain of discrimination.

64. Ms. Prusak needs a reasonable accommodation for her disability – that she does not work more than 20 hours per week.

65. Ms. Prusak communicated this to Respondent at hire.

**Element 2 Materially Adverse Actions**

66. On or about January 2, 2019 Ms. Prusak was told telephonically that her employment was terminated.

67. Ms. Prusak has been blacklisted by respondent such that she can never work for respondent or any affiliated companies again.

68. Ms. Prusak has applied multiple times throughout the past year to be re-hired by Respondent.

**Element 3 (a) Plaintiff was Qualified for the Job Held**

69. Ms. Prusak was qualified for the job based on decades of experience in sales and management.

**Element 3 (b) Work was Still Being Performed**

70. Ms. Prusak's duties are still being performed.

---

[15] U.S. Postal Serv. Bd. of Governors v Aikens, 460 US 711, 716 [1983]
[16] McDonnell Douglas Corp. v Green, 411 US 792, 802 [1973], *see also Young v. UPS*, 135 S.Ct. 1338 (2015).

71. The store remains open.

**Extra Evidence of Retaliatory Bias**

72. On or about 27 December of 2018 Ms. Prusak was speaking with the regional manager about her complaints of discrimination.

73. She was told that there were no plans to discipline or terminate her that the regional manager was aware of it at that time.

74. Ms. Prusak was told that Amanda Kuhn would call her to place Ms. Prusak back on the schedule.

75. Amanda Kuhn never called Ms. Prusak.

76. Ms. Prusak was instead terminated by telephone on or about 1/2/2019.

77. Ms. Prusak made multiple attempts to be rehired. Latest attempt being 9/26/2019.

78. Ms. Prusak was told by multiple time by Defendant she is on a "no hire list."


**WHEREFORE**, Ms. Prusak respectfully requests this Court to enter an Order

A.      Awarding Ms. Prusak's lost wages and benefits in an amount to be determined at trial;

B.      Awarding Ms. Prusak damages for her pain, suffering, loss of enjoyment of life, humiliation and other injuries in an amount to be determined at trial;

C.      Directing Defendants pay all unreimbursed medical costs incurred by Mrs. Prusak as a result of the stress and anxiety resulting from the discrimination she suffered and the hostile working conditions she endured, including diagnostic analysis, treatment and therapy, and follow up therapy;

D.      Defendants pay Ms. Prusak the costs of this action, together with reasonable attorneys' fees and disbursements;

E.      Defendants to reinstate Ms. Prusak to the payroll in her former title and workload;

F.      Defendants to reinstate Ms. Prusak's pension and health care status;

F.      Ms. Prusak to have such other and further relief as this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) Fed. R. Civ. P., Plaintiff hereby demands a trial by jury for all issues triable of right by a jury in this case.


Dated: June 25, 2021
        Buffalo, New York


Respectfully submitted,
Plaintiff Ms. Prusak by her Attorneys

THE LAW OFFICE OF LINDY KORN PLLC


_____
Lindy Korn, Esq.
Richard J. Perry, Esq.
*Attorneys for Plaintiff*
Electric Tower
535 Washington Street, Ninth Floor
Buffalo, New York 14203
Telephone: (716) 856-5676
Facsimile: (716) 507-8475
lkorn@lkorn-law.com
khovaros@yahoo.com